UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JANET MUSSO, et al., | ) |
| | ) |
| Plaintiffs, | ) Case No.: 2:17-cv-00392-GMN-NJK |
| vs. | ) |
| | ) **ORDER** |
| MORTGAGE ELECTRONIC | ) |
| REGISTRATION SYSTEMS, INC., et al., | ) |
| | ) |
| Defendants. | ) |

Pending before the Court are the Emergency Motions for Temporary Restraining Order ("TRO"), Preliminary Injunction, and Declaratory Relief, (ECF Nos. 12, 13), filed by *pro se* Plaintiffs Janet Musso and John J. Musso (collectively "Plaintiffs").[1]  For the reasons set forth herein, Plaintiffs' Motions are **DENIED**.

I.  **BACKGROUND**

This case concerns a mortgage and foreclosure dispute regarding the property located at 4150 Ridgewood Avenue Las Vegas, NV 89120 ("the Property"). (Mot. for TRO 4:27–31, ECF No. 12).  On or about May 18, 2016, Plaintiffs obtained a $100,000 mortgage loan from Mandalay Mortgage and US Bank. (*Id.*).  This loan was secured by the Property. (*Id.*). Plaintiffs assert that the loan was "not properly assigned and/or transferred to Defendants. . . ." (Compl. ¶ 34, Ex. A to Def. Pet. Removal, ECF No. 1).  Accordingly, Plaintiffs argue that Defendants lack standing to foreclose on the Property.  (*Id.* ¶ 57).

On December 1, 2016, Plaintiffs filed their Complaint in the Clark County District Court.  Shortly thereafter, Defendant Mortgage Electronic Registration Systems, Inc., removed

---

[1] In light of Plaintiffs' *pro se* status, the Court has liberally construed their filings, holding them to standards less stringent than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

the action to this Court. (Def. Pet. Removal, ECF No. 1).  On March 20, 2017, Plaintiffs filed the instant Motions for injunctive relief.

## II.     LEGAL STANDARD

Preliminary injunctions and temporary restraining orders are governed by Rule 65 of the Federal Rules of Civil Procedure, which provides that a "court may issue a preliminary injunction only on notice to the adverse party." Fed. R. Civ. P. 65(a)(1).

In contrast, a "court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and  (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1).  A temporary restraining order "should be restricted to serving [its] underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters Local No. 70*, 415 U.S. 423, 439 (1974).

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id*. at 22.  "[C]ourts must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Id*. at 24 (internal quotation marks omitted).

The Ninth Circuit has held that "serious questions going to the merits and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming

the other two elements of the *Winter* test are also met." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011) (internal quotation marks omitted).

"In deciding a motion for a preliminary injunction, the district court 'is not bound to decide doubtful and difficult questions of law or disputed questions of fact.'" *Int'l Molders' & Allied Workers' Local Union No. 164 v. Nelson*, 799 F.2d 547, 551 (9th Cir. 1986) (quoting *Dymo Indus., Inc. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir. 1964)).

"The urgency of obtaining a preliminary injunction necessitates a prompt determination and makes it difficult to obtain affidavits from persons who would be competent to testify at trial." *Flynt Distrib. Co., Inc. v. Harvey*, 734 F.2d 1389, 1394 (9th Cir. 1984). "The trial court may give even inadmissible evidence some weight, when to do so serves the purpose of preventing irreparable harm before trial." *Id*.

## III. DISCUSSION

Upon review of the arguments and facts alleged in the instant Motions and in the Complaint, the Court finds that Plaintiffs are not entitled to a TRO or preliminary injunction. Importantly, Plaintiffs have failed to meet their burden of establishing a likelihood of success on the merits in accordance with *Alliance for the Wild Rockies* and *Winter*.

In their Motions for a TRO and Preliminary Injunction, Plaintiffs argue that they are likely to prevail on the merits because the Complaint has "successfully alleged nine causes of action against Defendants. . . ." (Mot. for TRO 9:14–18). According to Plaintiffs, they have "alleged and can demonstrate at trial that Defendants breached their [Pooling and Servicing Agreement] contract and through misrepresentation are about to foreclose on Plaintiff's real property. . . ." (*Id.* 9:27–28). Plaintiffs also argue that "because of the securitization process Defendants and their predecessors in interest failed to properly assign Plaintiff's Mortgage note and Deed of Trust according to state law and the [Pooling and Servicing Agreement] governing the original loan." (*Id.* 9:29–31).

Plaintiffs misapply the standard for obtaining a preliminary injunction. The pertinent question is not whether Plaintiffs have "alleged" claims against the defendants, but rather whether Plaintiffs have demonstrated a likelihood of success on the merits of those claims. *See Winter*, 555 U.S. at 20. A plaintiff cannot obtain an injunction by merely showing that success on the merits is "possible." *See Quiroga v. Chen*, 735 F. Supp. 2d 1226, 1228 (D. Nev. 2010). Here, Plaintiffs have failed to show a likelihood of success on the merits. Moreover, Plaintiffs have also failed to address the other three factors under *Winter*. Accordingly, the Court finds Plaintiffs are not entitled to injunctive relief.

## IV.  CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiffs' Emergency Motions for Temporary Restraining Order, Preliminary Injunction, and Declaratory Relief, (ECF Nos. 12, 13), are **DENIED**.

**DATED** this __23__ day of March, 2017.

_____
Gloria M. Navarro, Chief Judge
United States District Judge